OPINION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Ottawa County Municipal Court. Pursuant to 6th Dist.Loc.App.R. 12(C), we sua sponte transfer this matter to our accelerated docket.
On October 3, 1992, appellants, Raleigh and Ingrid Slawson, entered into a real estate contract with appellees, Erie Islands Resort Marina Et. Al. Appellants purchased an undivided 1/15,000th fee simple interest in the resort for $4,000. On June 27, 1997, appellants filed a complaint against appellees alleging fraud, breach of contract and a violation of the Consumer's Sales Practice Act. Specifically, appellants alleged that appellees fraudulently induced them to enter into the contract, prevented them from reading the contract and misrepresented their ability to resell their interest. Appellants sought damages in the amount of $15,000. Appellees counterclaimed for $850.33 in unpaid maintenance fees and special assessments.
On December 10, 1997, appellees filed a motion for default judgment with respect to their counterclaim arguing that appellants had failed to plead or otherwise defend against it. The trial court granted a default judgment on the counterclaim based on appellants' failure to timely respond. The court noted that appellants provided no reason for their delay in answering. Appellees filed a motion for summary judgment on April 6, 1998. In support, appellees submitted the purchase contract which states in pertinent part:
 "This Contract, together with the applicable provisions of the Declaration and the Rules and Regulations, constitutes the entire agreement between the parties. No representations, warranties or inducements which are not included in this Contract and the above-referenced instruments shall be of any force and effect. Any modifications to this Contract shall not be effective unless they are set forth in a written instrument which is signed by each of the parties hereto."
In addition, appellants executed a purchaser's understanding and acknowledgment document which provided in pertinent part:
 "1. I understand that in purchasing an ownership in `Erie Islands Resort Marina', that I will receive a deed to an Undivided Interest in the campsites parcel, cottage sites parcel and Resort Recreational Parcel of the resort, including the golf course. I understand that I have no ownership interest in the `Village Harbor' [marina].
* * *
 4. I understand that I am responsible for an annual maintenance fee, assessed by the developer and due the first of May of every year. In order to have resort usage, I must remain current in these fees, The current annual dues for my ownership classification 210/pro rated.
 5. I understand that my Undivided Interest can be willed or sold by notifying `Erie Islands Resort 
Marina'. Its employees or sales representatives will not repurchase or resell this ownership for me. However, they will assist me by furnishing resale information.
 6. I have not in any manner been `High-Pressured' or coerced into purchasing. I attest that this purchase is being made for recreational usage as opposed to an investment and that this presents no undue financial burden to me.
* * *
 8. I acknowledge that in connection with my purchase of an Undivided Interest, I have not relied on any oral representations and that I have relied only upon the representations embodied in the Purchase Contract and other project documents. I further acknowledge that the Purchase Contract and the other project documents constitute the entire agreement between `Erie Islands Resort Marina' and me."
On November 12, 1998, the trial court granted summary judgment in favor of appellees. Appellants now appeal asserting the following assignments of error:
 "I. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING THE ERIE ISLAND DEFENDANTS' MOTION FOR SUMMARY JUDGMENT ON NOVEMBER 12, 1998, BECAUSE THE EVIDENCES SHOWED MATERIAL QUESTIONS OF FACT FOR A JURY OF FRAUDULENT MISREPRESENTATIONS OF FACTS AND OPINIONS "EXTRINSIC TO THE WRITING."
 II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR IN GRANTING DEFAULT JUDGMENT FOR ERIE ISLANDS ON THEIR COUNTER CLAIM FOR UNPAID CHARGES, BECAUSE PLAINTIFFS IN THEIR COMPLAINT ALLEGED FACTS WHICH IF PROVEN WOULD PROVIDE A DEFENSE."
This court previously reviewed the same claims against the same appellees in Stover v. Erie Islands Resort (Sept. 11, 1998), Ottawa App. No. OT-97-056, unreported. Based on our decision in the Stover case, we find both of appellants' assignments of error to be not well-taken. See also, Whitman v.Erie Islands Resort (Dec. 30, 1996), Ottawa App. No. OT-96-010, unreported, and Mierke v. Erie Island Resorts,(Nov. 9, 1995), Ottawa App. No. OT-95-014, unreported.
On consideration whereof, the court finds that substantial justice has been done the parties complaining, and the judgment of the Ottawa County Municipal Court is affirmed. Costs assessed to appellants.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Melvin L. Resnick, J.
James R. Sherck, J.
Richard W. Knepper, J.
CONCUR.